IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAIKOL ALEXANDER MANTILLA MARCANO and DERWIS ALEXANDER MANTILLA GUILLERMO | : : : : : | CIVIL ACTION<br><br>No. 26-239 |
| v. | : : | |
| JAMAL L. JAMISON, *Warden of Philadelphia Federal Detention Center*, and MICHAEL ROSE, *Field Office Director of Enforcement and Removal Operations, Philadelphia Office* | : : : : : | |

**ORDER**

AND NOW, this 26th day of January, 2026, upon consideration of Petitioners Maikol Alexander Mantilla Marcano and Derwis Alexander Mantilla Guillermo's Petition for Writ of Habeas Corpus (Dkt. No. 1), the Government's opposition, and Petitioners' Reply, and for reasons stated in the accompanying Memorandum, it is ORDERED:

1. The Petition is **GRANTED**. Petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Petitioners from custody immediately and shall certify compliance with this Order and accompanying Memorandum by filing on the docket no later than **5:00 P.M. EST on January 27, 2026**;

3. The Government is temporarily enjoined from re-detaining Petitioners for seven days following their release from custody, and Petitioners shall be restored to parole status under 8 U.S.C. § 1182(d)(5)(A) on the same conditions of release that governed immediately prior to January 9, 2026; and

4. If, after the seven-day period, the Government chooses to pursue re-detention of Petitioners based on parole termination, it must do so consistent with 8 C.F.R. §

212.5(e)(2)(i), including providing written notice of termination and identification of an applicable regulatory basis and authorized official, and must provide Petitioners with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of their removal proceedings; and

5. Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioners from the Eastern District of Pennsylvania. If the immigration judge determines that Petitioners are subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioners if unforeseen or emergency circumstances arise that require them to be transferred from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit the transfer of Petitioners.

The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.